IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 23-147 [UNDER SEAL] |
| JASON PLUMMER | |

FILED
OCT 24 2023
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Jeffrey R. Bengel, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

## I. THE SUPERSEDING INDICTMENT

A federal grand jury returned a two-count Superseding Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Conspiracy to Commit Mail and Wire Fraud<br>January 2019 to October 2023 | 18 U.S.C. § 1349 |
| Two | Conspiracy to Commit Money Laundering<br>January 2019 to October 2023 | 18 U.S.C. § 1956(h) |

## II. ELEMENTS OF THE OFFENSES

**A.    As to Count 1:**

In order for the crime of Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. §§ 1341 and 1343, as described in the Superseding Indictment, was formed, reached, or entered into by two or more persons.

2.      At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, et al., 2 Federal Jury Practice and Instructions § 31.03 (2002) (revised to exclude overt act requirement, see Whitfield v. United States, 125 S. Ct. 687, 691 (2005); United States v. Shabani, 513 U.S. 10, 16 (1994)).

**B.     As to Count 2:**

In order for the crime of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That a conspiracy to launder money, as charged in the Superseding Indictment, was entered into by two or more people;

2.      That the defendant knew the purpose of the conspiracy; and

3.      That the defendant deliberately joined the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("[C]onviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

## III. PENALTIES

**A. As to Count 1: Conspiracy to Commit Mail and Wire Fraud (18 U.S.C. § 1349):**

1. Imprisonment of not more than twenty (20) years;

2. A fine not more than the greater of;

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

    or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559, 3583);

4. Any or all of the above.

**B. As to Count 2: Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)):**

1. A term of imprisonment of not more than twenty (20) years;

2. A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater;

3. A term of supervised release of not more than three (3) years;

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts One and Two, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Forfeiture may be applicable in this case as set forth in the Superseding Indictment.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*/s/ Jeffrey R. Bengel*
JEFFREY R. BENGEL
Assistant U.S. Attorney
DC ID No. 1018621